UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.56.18.220,<br><br>                              Defendant. | Case No. 25-cv-12067<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA BEFORE RULE 26(f) CONFERENCE (ECF NO. 4)**

      Plaintiff Strike 3 Holdings, LLC, brings this copyright infringement suit against John Doe, an internet subscriber identified only by IP address 68.56.18.220. ECF No. 1. Strike 3 discovered that this IP address was used to copy and distribute several of its motion pictures in violation of 17 U.S.C. § 106. *Id.* Strike 3 moves for leave to serve a third-party subpoena on Comcast Cable, Doe's internet service provider (ISP), to identify Doe through this IP address. ECF No. 4.

      Parties generally "may not seek discovery from any source before conferring as required by Rule 26(f)" unless authorized by the rules,

stipulation, or court order. Fed. R. Civ. P. 26(d)(1) (cleaned up). But "it is not uncommon for discovery, such as the subpoena requested here, to be authorized prior to the 26(f) conference in copyright infringement cases." *Strike 3 Holdings, LLC v. Doe*, No. 22-10419, 2022 WL 1205008, at *1 (E.D. Mich. Apr. 22, 2022) (cleaned up). In those cases, courts have applied a good cause standard for early discovery. *Third Degree Films, Inc. v. Does 1-72*, No. 12-cv-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012) (citing *Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010)). Good cause exists when: "(1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant." *Id.*

The Court finds that Strike 3 has established good cause for its request to serve a subpoena before a Rule 26(f) conference. Thus, Strike 3's motion for leave to serve a subpoena on the ISP is **GRANTED** subject to the following conditions:

- Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Strike 3 with only the true name and address of the

John Doe defendant to whom the ISP assigned IP address 68.56.18.220.

- Strike 3 shall attach to any such subpoena a copy of this order.

- Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to the John Doe defendant.

- Within seven days of service of the subpoena, the ISP shall reasonably attempt to identify John Doe and provide him or her with a copy of the subpoena and this order.  If the ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of the IP address, it shall notify the Court and Strike 3's counsel.

- The ISP shall have 21 days from the service of the subpoena to move to quash or otherwise object to the subpoena.  The John Doe defendant shall have 14 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.  The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.  See *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 192 (D. Mass. 2012) (issuing a subpoena with

provision for motion practice before production of information). Where no motion is filed by either the ISP or the John Doe defendant within the time periods prescribed herein, the ISP shall produce to Strike 3 the information identified in Paragraph 1, above.

- John Doe defendant must preserve all evidence that might impact the subject matter of this litigation.  He or she shall not destroy, conceal, or delete any evidence, documents, files, electronic data, or other tangible items pertaining to this litigation, including, but not limited to, any computer devices, hard drives, external drives, or electronically stored information.

- Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Strike 3's rights as set forth in its complaint.

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: July 28, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
